UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE LAKE RANCHERIA TRIBAL COURT;<br>LESTER J. MARSTON, Chief Judge of the<br>BLUE LAKE RANCHERIA INDIAN TRIBE;<br>WOOD'S ROOFING INC., a California<br>Corporation; DOES 1-10.<br><br>Defendants. | Case No.: 5:12-cv-00576-LHK<br><br>ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Admiral Insurance Company ("Admiral") filed this *ex parte* application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not be issued against Defendant Blue Lake Rancheria Tribal Court ("Tribal Court"); the Honorable Lester J. Marston, Chief Judge of the Blue Lake Rancheria Tribe ("Judge Marston"); Wood's Roofing Inc. ("WRI"); and Does 1-10 (collectively "Defendants"). Admiral's *Ex Parte* Appl. for TRO and Order to Show Cause Why Prelim. Inj. Should Not Be Issued ("TRO Appl."), ECF No. 10. Admiral's counsel certified in writing its efforts to give notice of the *ex parte* application in accordance with Federal Rule of Civil Procedure 65(b)(1)(B). Declaration of Lynn H. Trang ("Trang Decl."), ECF No. 1, ¶ 4. Defendants have not filed an opposition. The case was reassigned to the undersigned judge on March 19, 2012. ECF No. 12. For the reasons set forth below, Admiral's *ex parte* application is DENIED WITHOUT PREJUDICE.

1

Case No.: 5:12-cv-01266-LHK
ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

### I. BACKGROUND FACTS

The following facts are alleged in Admiral's complaint, TRO application, and the declaration supporting the application.

Admiral, a Delaware Corporation, doing business in Cherry Hill, New Jersey, is an insurance company. TRO Appl. at 2. Admiral is currently a Cross-Defendant in *Mainstay Business Solutions v. Wood's Roofing, Inc.*, Case No. C-09-0612-LJM, a civil action pending before the Tribal Court (the "Tribal Action" or "underlying case"). The plaintiff in the underlying case is Mainstay Business Solutions ("MBS"), a division of Blue Lake Rancheria Economic Development Corporation, a federally chartered corporation pursuant to Section 17 of the Indian Reorganization Act (25 U.S.C. § 477), wholly owned by Blue Lake Rancheria, a federally recognized Indian tribe. *Id.* at 2. The defendant in the underlying case is WRI, a California corporation, doing business in San Jose, California. Compl., ECF No. 1, ¶ 9. WRI holds a commercial general liability insurance policy with Admiral ("the insurance policy"). TRO Appl. 2

The Tribal Action involves a contract and negligence dispute between MBS, a tribal entity, and WRI, a non-tribal building contractor. MBS and WRI entered into an agreement in 2007 ("the agreement"), wherein MBS assigned its employees to WRI to work at various WRI jobsites. TRO Appl. 2. Three MBS employees suffered workplace injuries, and, pursuant to the agreement, MBS provided workers compensation benefits to those employees. *Id.* On June 23, 2011, MBS filed its complaint in Tribal Court against WRI seeking to recover, under the agreement, the benefits MBS paid to the injured WRI employees. Compl. Ex. A.

WRI in turn sought to be defended in the underlying case and indemnified by Admiral pursuant to the insurance policy, but Admiral declined coverage on the ground that the insurance policy does not cover injured employees. *See* TRO Appl. 2; *see also* Compl. ¶ 17. As a result, WRI filed a cross-complaint against Admiral in the underlying case, seeking, among other things, the following: (1) attorney's fees and costs incurred in the defense of the underlying action; (2) indemnification for the amount to be paid in settlement or satisfaction of a judgment in the underlying action; and (3) general damages. Compl. ¶ 18; Ex. D.

On October 27, 2011, the Tribal Court ordered the parties to file cross-motions for summary judgment on the following issues: "(1) does the [Tribal] Court have personal jurisdiction over [Admiral]; (2) does the [Tribal] Court, as a matter of tribal law, have subject matter jurisdiction over [Admiral]; (3) does the [Tribal] Court, as a matter of federal law, have subject matter jurisdiction over [Admiral]; and (4) do[es] [Admiral] have an obligation to tender a defense on behalf of [WRI] in this case pursuant to policies of insurance entered into between [WRI] and [Admiral]." *Id.* at 4; Ex. F, at 2. The Tribal Court ordered the parties to file their cross-motions for summary judgment by March 15, 2012, and stated that failure to comply with the order "may result in the imposition of sanctions." TRO Appl. 5; Ex. I. On March 12, 2012, the Clerk of the Tribal Court notified the parties to file their cross-motions for summary judgment by March 17, 2012. TRO Appl. 1, 7; Ex. M.[1] The Tribal Court also postponed until April 6, 2012 the hearing on Admiral's earlier filed motion to dismiss the cross-complaint for lack of personal and subject matter jurisdiction. TRO Appl. 6.

Admiral seeks a TRO enjoining the Defendants from exercising tribal court jurisdiction over Admiral and conducting any further proceedings against Admiral. Proposed Order, ECF No. 10-4. Admiral argues that a TRO "is needed in order to preserve the status quo so that the jurisdictional issues can be determined first. If this request is not granted, Admiral is forced to submit to the jurisdiction of the Tribal Court without due process or be subject to sanctions for failing to file a substantive motion on whether Admiral owes a duty to defend and indemnify WRI and have a motion for summary judgment be pending against it to which it cannot oppose, since an opposition would be viewed as subjection to the Tribal Court's jurisdiction." TRO Appl. 7

**II.   LEGAL STANDARD**

An *ex parte* TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A request for a TRO is evaluated by the same factors that generally

---

[1] Although the application states that the cross-motions were due March 15, 2012, Exhibit M suggests that the cross-motions were due March 17, 2012. In any event, both dates have now passed.

3

Case No.: 5:12-cv-01266-LHK
ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, a TRO, like a "preliminary injunction[,] is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). A district court may enter a TRO only "upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).

To obtain a TRO, a plaintiff generally must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See id.* at 24-25; *accord Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126-27 (9th Cir. 2009). A TRO may also be appropriate where the plaintiff raises "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). To succeed on its motion for a preliminary injunction, a plaintiff must satisfy its burden of proving all four elements of the *Winter* test. *Id.*

### III.   DISCUSSION

The Court DENIES Admiral's *ex parte* application for a TRO because Admiral fails to show that "*immediate* and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(a)(emphasis added). Even if this were not an *ex parte* application, however, the Court would deny the application for failure to satisfy all four elements of the *Winter* test. Given that Admiral fails to "clearly show" that it is likely to suffer immediate and irreparable harm absent a TRO, the Court "need not address . . . the remaining elements of the [*Winter* test] . . . ." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

Admiral's irreparable harm argument hinges on the fact that on March 15 or 17, 2012, it would be forced either to submit to the Tribal Court's jurisdiction or face sanctions. *See* TRO Appl. 14. These dates have passed, even before the case was reassigned to the undersigned judge on March 19, 2012. Thus, it is possible that any alleged irreparable harm to Admiral has already

occurred and that the Court is unable to offer Admiral any relief.  Moreover, to the extent Admiral's choice of action on March 15 or 17, 2012 subjects it to any future harm, on this record there appears to be sufficient time for the Court to revisit the merits of Admiral's motion with the benefit of Defendants' views.

Thus, Admiral has not made a "clear showing" that it is likely to face "immediate" and "irreparable harm" in the absence of a TRO, *Winter,* 555 U.S. at 21, let alone that it will face "immediate and irreparable injury . . . before [Defendants] can be heard in opposition." Fed. R. Civ. P. 65(b)(1).  Failure to show irreparable harm is alone sufficient to deny Admiral the extraordinary and drastic remedy of an *ex parte* TRO.  *Ctr. for Food Safety*, 636 F.3d at 1174. Accordingly, Admiral's *ex parte* application for a TRO is DENIED WITHOUT PREJUDICE.

### IV. CONCLUSION

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Admiral's *ex parte* application for a TRO.  By 5:00 p.m. on March 21, 2012, Admiral shall personally serve a copy of this Order on all Defendants and file a proof of service with the Court.  By 5:00 p.m. on March 22, 2012, Admiral may file and personally serve on all Defendants a renewed motion and declaration informing the Court whether its TRO application was mooted on March 15 or 17, 2012, or any time since then.  If Admiral serves and files a renewed TRO application, Admiral shall file a proof of service by March 22, 2012, and Defendants will have until 5:00 p.m. on March 27, 2012 to file and personally serve an opposition, and file a proof of service.  If the matter is not suitable for determination on the papers, the Court will set a hearing at the earliest possible time.  In the meantime, the parties are encouraged to resolve this matter without this Court's intervention.

**IT IS SO ORDERED.**

Dated: March 20, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5
Case No.: 5:12-cv-01266-LHK
ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER